UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAURICE MAYO, JR., | No. 1:22-cv-6489-NRM |
| Petitioner, | **Order** |
| v. | |
| A. MONTAGARI, | |
| Respondent. | |

NINA R. MORRISON, United States District Judge:

Now pending before the Court is Petitioner Maurice Mayo, Jr.'s ("Petitioner" or "Mayo") petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is incarcerated at Mohawk Correctional Facility, filed the instant petition *pro se* on October 13, 2022 in the United States District Court for the Southern District of New York. ECF No. 1. The action was transferred to this Court on October 26, 2022. ECF No. 3. For the reasons that follow, the petition is dismissed.

## BACKGROUND

In this action, Petitioner challenges his convictions and sentence from the New York Supreme Court (Richmond County), which were obtained after Petitioner proceeded to a bench trial in February 2022. ECF No. 1. Petitioner asserts that he is being held in custody in violation of the United States Constitution due to various defects in his conviction and sentence, including that he was denied due process; his Speedy Trial Rights were violated; he was taken to trial illegally; the state erred in not filing a certificate of readiness; and the state prison did not receive his certificate

of conviction.   ECF No. 1, at 5.   In letters submitted to this Court *pro se* after the filing of his initial petition, Petitioner asserts what appear to be various additional claims for relief from his convictions and sentence, including that he did not receive or sign a waiver of indictment; was not afforded the opportunity to testify before the grand jury; the grand jury was not provided with facts that would have impacted their ability to establish the elements of the crime; and that the state has fraudulently created a trust in his name.   *See* ECF No. 51–54, 56, and 59–61.

After electing a bench trial, Petitioner was convicted of one count of criminal possession of a weapon in the second degree and two counts of menacing in the second degree on February 24, 2022.   On June 24, 2022, Petitioner was sentenced to six years of imprisonment and four years of post-release supervision, with credit for time served.   Petitioner filed the instant petition for a writ of habeas corpus on October 13, 2022.

On January 4, 2023, after conducting an initial review of the instant petition, this Court held a status conference, *sua sponte*, to discuss Petitioner's apparent failure to exhaust his state court remedies before filing his petition for writ of habeas corpus.   During this conference, Petitioner acknowledged that he had not exhausted his state court remedies, but he urged the Court to consider (1) the fact that, at the time of the January 2023 status conference, he had already served two-and-a-half years of his six-year sentence (including the period he spent in pretrial and pre-sentencing detention), (2) the fact that his court-appointed appellate counsel has not yet perfected his direct appeal, and (3) the likely length of time it would take for the

Appellate Division to rule on his direct appeal (as well as, potentially, any collateral challenges to his conviction in state court, should he have federal constitutional claims that must first be exhausted under N.Y. C.P.L. § 440.10)—all of which may mean that his habeas petition could be rendered moot before any federal court has the opportunity to consider its merits. Indeed, at the time of the conference, Petitioner's court-appointed appellate counsel had not even received the complete state court record.

Given this background, this Court explained to Petitioner during the January 4, 2023 conference that while his failure to exhaust his state court remedies typically deprives the Court of jurisdiction over his habeas action, this failure to exhaust requirement can be excused in limited circumstances, pursuant to 28 U.S.C. § 2254(b)(1)(B)(ii)'s recognition that certain state corrective processes may be "ineffective to protect the rights of the applicant." The Court acknowledged that for many federal habeas petitioners, including Mayo, inordinate delays in state court review creates some risk that those procedures may prove ineffective to vindicate the federal constitutional defects, if any, that may exist with respect to a petitioner's conviction.

In a March 8, 2023 order, the Court restated and elaborated upon the concerns addressed during the January 4, 2023 conference, as discussed above, and (1) determined that it would hold this federal petition in abeyance for at least 90 days (without prejudice to Respondent's ability to file a motion to dismiss the petition) while his appointed state-court court counsel continued to gather the record and

review his potential appellate claims, and (2) directed petitioner to file a letter on or before June 6, 2023, regarding the status of Petitioner's state-court proceeding, including whether Petitioner intended to pursue relief in state court, and /or whether he wished for the Court to consider excusing his failure to exhaust under 28 U.S.C. § 2254(b)(l)(B)(ii) and to review the merits of his federal claim.  ECF No. 28.  The Court noted that it may, at that time, invite further briefing on the question of exhaustion and the underlying merits, and may, at Petitioner's request, consider appointing his state-court counsel or other qualified federal habeas counsel to represent him in this action.  *Id.*

In a letter dated May 19, 2023, Mayo's attorneys from Appellate Advocates—who were assigned to his New York state case on July 22, 2022—informed Mayo that the state court had largely produced the trial transcripts relevant to Mayo's state criminal proceeding, though a few documents remained outstanding, and Respondent had worked with Appellate Advocates in an attempt to complete the record.  ECF No. 40.

After receiving several *pro se* letters from Petitioner regarding the status of his case, and with no direct appeal in state court having yet been perfected at that time, on June 20, 2023, the Court appointed separate federal habeas counsel for Petitioner pursuant to Pursuant to 28 U.S.C. § 2254(h) and 18 U.S.C. § 3006A.[1]  ECF No. 41. The Court held a status conference on July 20, 2023, where the parties advised the

---

[1] The Court subsequently granted Petitioner's ex-parte motion to appoint additional counsel on June 29, 2023.  ECF No. 43.

Court that they still lacked the complete trial and pre-trial record of Petitioner's state court proceedings.

On August 29, 2023, Petitioner's habeas counsel informed the Court that they had received the complete state court record.  In a September 21, 2023 letter to the Court, Petitioner's counsel informed the Court that they were reviewing the state court record and developing a strategy memo to share with Petitioner regarding potential legal claims he might raise in either state court (if this Court stayed or dismissed his habeas petition while he exhausted his state remedies) or in this Court. ECF No. 50.

In August and September 2023, Mayo filed several *pro se* letters informing the Court that he no longer had a satisfactory working relationship with his assigned counsel from Appellate Advocates with regard to his state court proceedings; opposed the Court's order holding his federal habeas petition in abeyance; and distrusted his federal habeas counsel's efforts to work with his state court counsel to ensure he exhausted his state court remedies.  Mayo ultimately filed a *pro se* letter with the Court on October 16, 2023 requesting to terminate his appointed counsel.  ECF No. 53.  Appointed counsel filed their own motion to withdraw as attorneys on October 17, 2023, which the Court granted on October 27, 2023.  ECF No. 55.  Petitioner proceeded *pro se* and has continued to file *pro se* letters to the Court requesting his immediate release.

## DISCUSSION

### 1. Legal Standard

Section 2254 "generally requires a petitioner for a writ of habeas corpus to show that he has 'exhausted the remedies available in the courts of the State' in order for the writ to be granted." *McCray v. New York*, 573 F. App'x 22, 23 (2d Cir. 2014) (quoting 28 U.S.C. § 2254(b)(1)(A)); *see also Landy v. Costello*, 141 F.3d 1151, 1998 WL 105768, at *1 (2d Cir. 1988) ("[F]ailure to exhaust would, of course, bar habeas relief."); *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a prisoner in state custody, the prisoner must exhaust his or her state court remedies."); 28 U.S.C. § 2254(b), (c). "State remedies are deemed exhausted when a petitioner has: (i) presented the federal constitutional claim asserted in the petition to the highest state court . . . and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim." *Ramirez v. Att'y Gen. of State of New York*, 280 F.3d 87, 94 (2d Cir. 2001) (citing *Picard v. Connor*, 404 U.S. 270, 276–77 (1971)). Absent limited circumstances, the Court may not retain jurisdiction pending the petitioner's exhaustion of available state court remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971) (per curiam); *Crescenzi v. Supreme Ct. of State of N.Y.*, 749 F. Supp. 552, 555 (S.D.N.Y. 1990) ("[A]bsent special circumstances, the Court may not retain jurisdiction pending resort to the state courts for [satisfaction of the exhaustion requirement].")

### 2. Application

Here, Petitioner has not yet exhausted his state remedies.  He was appointed counsel in state court to represent him in his direct appeal of the judgment of the Supreme Court, Richmond County, rendered June 24, 2022, but it appears from Petitioner's letters to this Court that he has chosen to abandon that appeal, and the docket of his state court action does not show that any brief has been filed in the Appellate Division on his behalf in that action.  *See* ECF No. 9; ECF No. 18; ECF No. 36, at 2; and ECF No. 39.  At this writing, then, the New York state courts have not yet had the opportunity to even consider the merits of Petitioner's constitutional claims.  Therefore, this Court does not have jurisdiction over Petitioner's federal constitutional claims and must dismiss Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Although the Court indicated in its March 2023 order that it was considering whether this may be a case in which the limited exception to the exhaustion requirement set forth in 28 U.S.C. § 2254(b)(1)(B)(ii) should be applied due to delays in the state court procedures and the relative length of Mayo's prison sentence, the Court declines to find that such an exception exists here, given the procedural history and current status of the litigation as outlined above.   The Second Circuit has held that "a failure to exhaust may be excused . . . where there has been 'substantial delay in the state criminal appeal process'" because such delay renders the state appeals process ineffective.  *Roberites v. Colly*, 546 F. App'x 17, 19 (2d Cir. 2013) (quoting *Cody v. Henderson*, 936 F.2d 715, 718 (2d Cir. 1991)); *see also Phillips v. White*, 851

F.3d 567, 576 (6th Cir. 2017) (waiving the exhaustion requirement due to state appellate court's excessive delays); *Washington v. James*, 996 F.2d 1442, 1449 (2d Cir. 1993) ("[W]here nonexhaustion is primarily the fault of the state court system itself, comity and federalism cannot require blind deference."); 17B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 4264.2 (3d ed.) ("[I]f there is undue delay between the prisoner's application to the state courts and final disposition of it there, the federal courts consider that the state corrective process is ineffective to protect the rights of the prisoner and will pass on a habeas corpus petition.").  In determining whether a delayed or otherwise ineffective state court proceeding may justify a federal habeas petitioner's failure to exhaust his state remedies, the Second Circuit has traditionally looked to the same factors enunciated by the Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 530 (1972), that apply to claims that a defendant has been deprived of his right to a speedy trial: "(1) the length of the delay, (2) the reason for the delay and the party responsible, (3) whether petitioner asserted his right to a decision, and (4) ensuing prejudice." *Roberites*, 546 F. App'x at 19; *see also Brooks v. Jones*, 875 F.2d 30, 31 (2d Cir. 1989) (applying *Barker* factors to find, prior to enactment of AEDPA, that a pattern of "inexcusable neglect by a succession of assigned counsel" in state court over an eight-year period justified exempting the petitioner from exhaustion requirement).  "[N]o one factor is dispositive and all are to be considered together with the relevant circumstances." *Simmons v. Reynolds*, 898 F.2d 865, 868 (2d Cir. 1990).  Courts may also consider a fifth factor, the interests of federal-state comity.  *Brooks*, 875 F.2d at 32; *see also Roberites*, 546 F. App'x at 20.

Here, the Court acknowledges that Mayo has experienced inordinate delays in his state-court review process, which could render that process ineffective as he seeks to vindicate his federal constitutional rights before he completes his sentence. Petitioner is now more than halfway through the completion of his six-year prison sentence. He experienced significant delays in his appointed state-court counsel being assigned to his case and filing his direct appeal; indeed, his counsel did not even receive the full state court trial record until Petitioner had served half of his prison term. These factors, none of which were in Petitioner's control, further delayed his state court counsel's ability to review his potential claims and perfect his direct appeal, and no doubt contributed to Mayo's understandable loss of faith in the effectiveness of the state-court process. These facts weigh in favor of finding the state-court review process to be ineffective pursuant to 28 U.S.C. § 2254(b)(1)(B)(ii). The Court, however, declines to find an exception here given the complete history and current status of the proceedings in both state court and this Court—including Petitioner's apparent abandonment of his state remedies soon after his counsel received the full state-court record in August 2023, and his decision to terminate his relationships with both his assigned state court counsel and his appointed federal habeas counsel after counsel began to review and advise him on potential routes to exhaust (and perhaps prevail upon) his claims in state court. *See* ECF No. 35, at 2; ECF No. 55; ECF No. 60, at 1. Given this history, the Court does not find that Petitioner has made the extraordinary showing necessary to find that he should be exempt from the exhaustion requirement under § 2254(b)(1)(B)(ii).

## CONCLUSION

Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed.

The Clerk of Court shall close this case and enter judgment and mail a copy of this Order to Petitioner.

SO ORDERED.

_____/s/ NRM_____
NINA R. MORRISON
United States District Judge

Dated: Brooklyn, New York
       March 28, 2024